UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN (JACKSON) DIVISION

JOHNNY TURNER                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:12-cv-487-LRA

EMMITT SPARKMAN, ET AL.                                        DEFENDANTS


**<u>MEMORANDUM OPINION AND ORDER</u>**

This cause is before the Court on the Motion for Summary Judgment [41] filed by

Defendants.  Having considered the entire record in this matter, the Court finds that the motion is

well-taken and should be granted.

**I. Background**

Plaintiff is an inmate in the custody of the Mississippi Department of Corrections

(MDOC), who is proceeding *pro se* in this litigation.  Plaintiff brought this lawsuit pursuant to

42 U.S.C. § 1983, challenging the conditions of his confinement.  Specifically, Plaintiff alleges

that the MDOC Inmate Legal Assistance Program (ILAP) is inadequate and violates his

constitutional right of access to the courts.  [1].  As the Court interprets the allegations, Plaintiff

contends either that the inadequate ILAP program caused his federal court habeas petition, filed

pursuant to 28 U.S.C. § 2254, to be time barred, and therefore prevented him from presenting a

legitimate challenge to his underlying conviction, or that the inadequate ILAP program is

preventing him from further challenging his conviction in federal court.  Plaintiff also alleges

that Defendants retaliated against him for exercising his constitutional rights.  [36].  Defendants

Sparkman, Clay, Tilley and McLeod[1] are all state officials working within, or with a connection to, the ILAP program.

The Court held an omnibus or *Spears* hearing in this matter on January 24, 2013, at which Plaintiff was afforded the opportunity to fully explain his claim.[2]  At the hearing, all parties consented to the undersigned deciding this case in its entirety.  [32].  28 U.S.C. § 636.

Plaintiff was convicted of manufacturing methamphetamine and possession of methamphetamine after a jury trial in the Circuit Court of Oktibbeha County.  On appeal, the case was reversed and remanded for a hearing regarding whether probable cause existed to support the search warrant in the case or whether evidence collected pursuant to the search warrant should be suppressed.  *Turner v. State*, 945 So. 2d 992 (Miss. Ct. App. 2007).  The trial court subsequently conducted an evidentiary hearing and determined that there was in fact probable cause for issuance of the search warrant.  Accordingly, the trial court entered an order on June 14, 2007, denying Plaintiff relief.  Plaintiff did not appeal that decision.  Instead, approximately eighteen months after the decision, on January 5, 2009, Plaintiff filed his response and objection to the trial court's finding with the Mississippi Court of Appeals.  The Court of Appeals dismissed the motion on March 18, 2009, concluding that it no longer had jurisdiction. *Turner v. State*, No. 2005-KA-00255-COA (Miss. Ct. App. March 18, 2009).  Then, two years after that decision, Plaintiff filed a Petition for Writ of Mandamus with the Mississippi Supreme

---

[1]The Court denied Plaintiff's request to add certain additional defendants. [36].  Plaintiff nonetheless filed an additional amended complaint without leave of Court.  [39].  Claims against the additional defendants named in Docket No. 39 will not be considered as they were not properly added.

[2]*See Spears v. McCotter*, 766 F.2d 179, 180 (5th Cir. 1985).

Court, urging the Supreme Court to compel the Court of Appeals to decide his case.  The Mississippi Supreme Court dismissed the petition as moot.  *In re Johnny Turner*, No. 2011-M-00466 (Ms. Ct. App. June 1, 2011).  On December 16, 2011, Plaintiff filed a motion for post-conviction relief with the Mississippi Supreme Court, which was denied as time-barred on April 11, 2012.  *In re Johnny Turner*, No. 2011-M-00466 (Miss. April 11, 2012).

Meanwhile, Plaintiff was also pursuing habeas relief in federal court.  *Turner v. State*, No. 10-60531 (5th Cir. February 23, 2011); *Turner v. State*, 2010 WL 1568579, No. 1:09CV249-A-D (N.D. Miss. April 19, 2010).  Plaintiff did not respond to a motion to dismiss his petition as time-barred, filed by the state in his federal habeas case.  The Court dismissed Plaintiff's Petition for Writ of Habeas Corpus as time-barred.   *Turner v. State*, 2010 WL 1568579, No. 1:09CV249-A-D (N.D. Miss. April 10, 2010).   Plaintiff filed a Motion for a Certificate of Appealability in the Fifth Circuit Court of Appeals, which was denied.  The Fifth Circuit agreed that Plaintiff's Petition for Writ of Habeas Corpus was time-barred, noting that though Plaintiff should have filed his petition in federal court by July 16, 2008, the petition was not filed until October 1, 2009. *Turner v. State*, No. 10-60531 (5th Cir. February 23, 2011); *Turner*, No. 1:09CV249-A-D at 2.  The Fifth Circuit also denied Plaintiff's request for reconsideration of its ruling and subsequent petition for rehearing *en banc*. [1-1] at 4.

Defendants have moved for summary judgment in this case on the bases, *inter alia*, that the Eleventh Amendment bars suits for damages against Defendants in their official capacities and that Defendants are entitled to qualified immunity with respect to the claims against them in their individual capacities.

3

## II.  Standard of Review

"Summary judgment is appropriate if the moving party can show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *United States v. Renda Marine, Inc.,* 667 F.3d 651, 655 (5th Cir. 2012) (quoting Fed.R.Civ.P. 56(a)).  "A factual dispute is 'genuine' where a reasonable party would return a verdict for the nonmoving party."  *Chiu v. Plano Indep. Sch. Dist.,* 339 F.3d 273, 282 (5th Cir. 2003) (quoting *Lukan v. North Forest Indep. Sch. Dist.,* 183 F.3d 342, 345 (5th Cir. 1999)).  When considering a summary judgment motion, a court "must review all facts and evidence in the light most favorable to the non-moving party."  *Juino v. Livingston Parish Fire Dist. No. 5,* 717 F.3d 431, 433 (5th Cir. 2013).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003) (citing *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir. 2002)).

## III.  Discussion

### A.  Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution prohibits suits against states in federal court brought by private citizens.  *Board of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001).  This immunity from suit extends to state agencies and state officials sued in their official capacities for any relief, except certain types of injunctive relief.  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-103 (1984); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

4

Plaintiff seeks to have the time bar of 28 U.S.C. § 2254 lifted so that he may appeal his criminal conviction. [1].  This is not the type of prospective injunctive relief that falls within an exception to the Eleventh Amendment bar.  *See, e.g., Ex parte Young*, 209 U.S. 123 (1908).  In *Ex Parte Young,* the Supreme Court recognized a narrow exception to Eleventh Amendment immunity which allows a state official to be sued in his or her official capacity for injunctive relief.  209 U.S. 123, 159-160 (1908).  "This exception strips the individual state actor of immunity and allows a private citizen to sue that individual in federal court for prospective injunctive relief based on allegations that the actor violated federal law."  *McKinley v. Abbott,* 643 F.3d 403, 406 (5th Cir. 2011).  A state official can be sued in his or her official capacity for prospective injunctive relief under Section 1983 because "official-capacity actions for prospective relief are not treated as actions against the State."  *Kentucky v. Graham,* 473 U.S. 159, 167, n. 14 (1985) (citing *Ex parte Young,* 209 U.S. at 159-160).  Plaintiff in the instant case, however, primarily seeks retroactive injunctive relief–to have the statute of limitations which has already expired be tolled or removed.

Plaintiff does not allege that the time-bar itself is unconstitutional, but even if he had, Defendants in this case are not responsible for its enforcement.  Plaintiff merely seeks relief from the time bar in his particular case as a remedy for Defendants' alleged failure to help him with his federal filings.  These Defendants cannot be enjoined by this Court to grant Plaintiff relief from the statute of limitations applicable to federal habeas petitions.  Accordingly, Defendants are entitled to summary judgment as to Plaintiff's claims against them in their official capacities.

## B.  Qualified Immunity

As to the claims against Defendants in their individual capacities, Defendants contend that they are entitled to qualified immunity.  "'[G]overnment officials performing discretionary functions

5

generally are shielded  from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Easter v. Powell,* 467 F.3d 459, 462 (5th Cir. 2006) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).  "The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."  *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."  *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

When determining whether Defendants are entitled to qualified immunity, the Court must determine whether a constitutional right has been violated and if so, whether that right was clearly established.  *See, e.g., McClendon v. City of Columbia*, 305 F.3d 314, 322-23 (5th Cir. 2002). Because Defendants have raised the qualified immunity defense, the burden is on Plaintiff to rebut the defense of qualified immunity by showing that Defendants' allegedly wrongful conduct violated clearly established law.  *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992).  In this case, Plaintiff has repeatedly argued that he should be allowed discovery before the Court rules on Defendants' motion, but when qualified immunity has been raised as a defense "plaintiffs must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense."  *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988); *see Nieto v. San Perlita Independent Sch. Dist*., 894 F.2d 174, 177-78 (5th Cir. 1990).

Plaintiff's allegations in this case are insufficient to rebut the qualified immunity defense. Plaintiff made no specific allegations as to any Defendant in his Complaint, except that he claims one Defendant told Plaintiff to write Defendant Sparkman asking for a raise for that Defendant if

Plaintiff wanted her help. [1]. A copy of a grievance attached to Plaintiff's Complaint indicates that this reference is to Defendant Clay and Plaintiff initially reported in his grievance concerning the ILAP program that Clay wanted a raise "'if' she was to keep this up." [1-1] at 2. This grievance is stamped "RECEIVED" on July 2, 2012, more than two years after Plaintiff failed to respond to the motion to dismiss his federal habeas petition as time barred.

In response to Defendants' motion, Plaintiff argues that Defendant McLeod is providing him with ineffective legal assistance. [52] at 9. On June 15, 2012, Defendant McLeod responded to a letter Plaintiff wrote her as follows:

> When I met with you in April, I did state that I would try to be back in a couple of weeks to assist you. However, due to unforseen circumstances, I have not been able to get away from work here. I asked Ms. Clay to let you know that Ms. Tilley is more than capable of assisting you in your legal work since I was not able to come down there any time soon.
>
> As I explained to you at our meeting, I cannot represent you. All I can do is to help you draft your legal work in the proper terms and format and advise you as to what the law/rules require. We discussed the fact that since you are time barred, there are only two ways to overcome that bar and that YOU would have to let me know whether you have met those two exceptions. Then I could put it in writing in the proper format. Ms. Tilley can do that for you as well.

[1-1] at 3.

Plaintiff acknowledged and referenced McLeod's email during the omnibus hearing, leading the Court to conclude that his claims of lack of adequate legal assistance concern his federal habeas petition. At the omnibus hearing, Plaintiff also referenced his discussions with Defendant McLeod regarding the fact that his criminal appeal was not filed by previous counsel, again indicating that his claim in this lawsuit concerns Plaintiff's habeas claims in federal court and potential subsequent efforts to file again in federal court. Plaintiff's Complaint references McLeod's statement that two

avenues exist to overcome the time-bar and indicates that ILAP not providing copies or formatting is somehow hindering Plaintiff's litigation efforts in federal court.

In his response to Defendants' motion, Plaintiff characterizes Defendant McLeod's actions as "negligent," [52] at 11. Plaintiff further states in his response that Defendants McLeod and Sparkman are "liable for supervision," failure to train Defendants Tilley and Clay, and negligent supervision. *Id.* A supervisory official may not be held liable pursuant to Section 1983 unless he or she either affirmatively participates in a constitutional violation or implements policies that cause a constitutional violation. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). Plaintiff has not alleged that Defendant Sparkman was personally involved in the alleged denial of his right of access to courts, nor has he pointed to any policy implemented by either Sparkman or McLeod that has caused a constitutional deprivation.

There is simply nothing in the record in this case indicating that any Defendant violated Plaintiff's constitutional rights. *See, e.g., Pruitt v. Sparkman*, 98 Fed. Appx. 281 (5th Cir. 2004) (Plaintiff did not demonstrate that denial of his federal habeas petition as untimely resulted from any action by the named defendants). Plaintiff must show actual injury to establish a violation of the right of access to courts. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Even if Defendant Clay told Plaintiff he should ask for a raise for her, it is clear that there were other persons assisting or available to assist with Plaintiff's legal work. Moreover, Plaintiff does not allege that Defendant Clay actually failed to do anything in particular with respect to his case in federal court other than his allegation that she refused to "do the format for me." Plaintiff does not indicate what he needed formatted nor does he indicate that anything he filed or attempted to file was ever rejected by any court due to formatting issues. It is also clear that Plaintiff has been able to file in federal court.

Though he did not respond to the motion to dismiss his habeas petition as time-barred, he did subsequently and repeatedly challenge the decision in the Fifth Circuit and has filed prolifically in the case at bar. [1, 2, 5, 6, 7, 8, 11, 12, 23, 24, 27, 30, 31, 34, 35, 37, 38, 39, 40, 43, 44, 46, 47, 48, 49, 50].  The record reflects that Plaintiff has been able to submit copies as well. [1-1], [46-1].

## C.  Retaliation

The Court allowed Plaintiff to amend his Complaint to allege retaliation and incorporated Plaintiff's first pleading asserting retaliation, which states merely that Plaintiff was retaliated against. [30, 36].  In a subsequent pleading, which Plaintiff did not seek leave of Court to file, Plaintiff alleges that Defendants Tilley and Clay have "bullied" and "harassed" him worse since he filed suit.  [39].

"To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).  Plaintiff must demonstrate that he suffered a "qualifying adverse retaliatory act." *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir.2006).  Plaintiff must "allege more than *de minimus* retaliation." *Id*. at 684-85.  In *Morris*, the Fifth Circuit further explained that:  "[T]his [*de minimis* ] threshold is intended to weed out only inconsequential actions and is not a means to excuse more serious retaliatory acts by prison officials.  Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Id.* at 686.

In the case sub judice, Plaintiff's allegations of retaliation amount to little more than that Defendants are not nice to him in the law library.  Though Plaintiff alleges that he was removed

9

from the law library on one occasion before his complaint was filed, he has not alleged that his access has been restricted since his lawsuit was filed.  Plaintiff alleges only that the harassment, which he describes as bullying, cursing and name calling, intensified after this lawsuit was filed. [39].  Plaintiff has not alleged a legally sufficient retaliatory act.  *See Jones v. Greninger*, 188 F.3d 322, 325-26 (5th Cir. 1999)(claim that inmate was restricted to five hours a week in the law library in retaliation for filing grievances did not rise to the level of a constitutional violation).  Additionally, nothing of record shows that any alleged harassment of Plaintiff is tied to his exercise of his right of access to courts as opposed to the disposition of Defendants in general.  Plaintiff himself asserts that bullying prisoners is a "stress release for overburdened low level employees such as Tilley and Clay." [39] at 5.

### IV.  Conclusion

Since the Court concludes that Plaintiff has failed to establish a constitutional violation, the remainder of Defendants' arguments will not be addressed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

Defendants' Motion for Summary Judgment [41] is hereby **GRANTED**.

IT IS FURTHER ORDERED that the Complaint is dismissed with prejudice, and a separate Final Judgment in favor of all Defendants shall be entered on this date.

SO ORDERED, this the 15th day of September, 2014.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE